NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 22 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-7218 |
| Plaintiff - Appellee, | D.C. No. 3:23-cr-05326-BHS-1 |
| v. | |
| SCHYLAR COLFAX, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted April 20, 2026**
Seattle, Washington

Before: McKEOWN, W. FLETCHER, and KOH, Circuit Judges.

Schylar Colfax ("Colfax") appeals his conviction for abusive sexual contact

with a minor ("AT") in violation of 18 U.S.C. §§ 2244(b), 1153(a). We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1.      The district court did not err in denying Colfax's motion for judgment of acquittal under Federal Rule of Criminal Procedure 29(a). "We review the denial of a motion for acquittal based on insufficiency of the evidence de novo." *United States v. Sineneng-Smith*, 982 F.3d 766, 776 (9th Cir. 2020). In assessing the sufficiency of the evidence, "[w]e determine whether 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010)).

The evidence presented at trial was sufficient for the jury to conclude that Colfax knowingly had "sexual contact" with AT, which was defined in the unchallenged jury instructions as "the intentional touching, either directly or through the clothing, of the buttock of any person with an intent to abuse, humiliate, harass, degrade or arouse and gratify the sexual desire of any person." *See also* 18 U.S.C. § 2246(3) (providing similar statutory definition of "sexual contact"). For example, the government introduced evidence that Colfax did not normally take care of AT when she was sick, but on the day of the incident, he entered AT's bedroom when she was home sick from school; that Colfax "touched" AT's "back private part" and "butt" while the bedroom door was closed; that Colfax continued touching AT after she told him to stop; that Colfax lied to AT's relative about AT's whereabouts when Colfax and AT were in AT's

bedroom; that Colfax abruptly left the house after being discovered; and that Colfax falsely claimed to be AT's father when confronted. Based on this evidence, a rational juror could have concluded beyond a reasonable doubt that Colfax touched the buttock of AT with an intent to arouse and gratify his sexual desire.[1]

On appeal, Colfax challenges the credibility of AT and various other witnesses. However, "a court of appeals may not usurp the role of the finder of fact by considering how it would have resolved the conflicts, made the inferences, or considered the evidence at trial." *Nevils*, 598 F.3d at 1164. Resolving all credibility conflicts in favor of the prosecution, as we are required to do, the evidence presented at trial was sufficient to support the jury's verdict. *See id.*

2.      The district court did not commit reversible error in denying Colfax's motion to dismiss the indictment, or in the alternative, suppress Colfax's statement, "Those are just allegations," to tribal police at the time of his arrest. "We review de novo the district court's denial of a motion to dismiss an indictment due to outrageous government conduct. In doing so, we view the evidence in the light most favorable to the government, and we accept the district court's factual findings unless they are clearly erroneous." *United States v. Black*, 733 F.3d 294,

---

[1] We find no merit to Colfax's argument that touching "over" the clothing does not suffice as "sexual contact." The definition of "sexual contact" contained in the district court's jury instruction and in 18 U.S.C. § 2246(3) expressly includes touching "directly *or through the clothing*." 18 U.S.C. § 2246(3) (emphasis added).

301 (9th Cir. 2013) (citation omitted). Likewise, we review the denial of a motion to suppress de novo and underlying factual findings for clear error. *See United States v. McCarty*, 648 F.3d 820, 824 (9th Cir. 2011).

For purposes of this discussion, we assume that Colfax's arrest was in fact illegal. *See United States v. Saelee*, 51 F.4th 327, 335 (9th Cir. 2022) (assuming without deciding that agents committed Fourth Amendment violations but finding that the remedy of suppression was not warranted). The district court correctly determined that dismissal of the indictment was not an appropriate remedy for Colfax's illegal arrest. "An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction." *United States v. Crews*, 445 U.S. 463, 474 (1980); *see also United States v. Morrison*, 449 U.S. 361, 366 (1981) ("[W]e have not suggested that searches and seizures contrary to the Fourth Amendment warrant dismissal of the indictment.").

Colfax nevertheless contends for the first time on appeal that dismissal was appropriate because the government engaged in outrageous conduct. To succeed on such a claim, Colfax must demonstrate that the government's conduct was "so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction." *United States v. Russell,* 411 U.S. 423, 431-32 (1973). Dismissal is "'limited to extreme cases' in which the defendant can demonstrate that the government's conduct 'violates fundamental

fairness' and is 'so grossly shocking and so outrageous as to violate the universal sense of justice.'" *Black*, 733 F.3d at 302 (quoting *United States v. Stinson*, 647 F.3d 1196, 1209 (9th Cir. 2011)). Colfax does not provide any reason to conclude that the arresting officers' conduct in this case meets this extremely high threshold. Colfax instead relies on the fact that the officers threatened to tase him and arrested him without a warrant at his home after he voluntarily opened the door for them. Colfax asserts that this intrusion into his home "merits the most severe rebuke – dismissal." However, as discussed, an illegal arrest, standing alone, is not grounds for dismissal. *See Crews*, 445 U.S. at 474.

Additionally, even if the district court erred in declining to suppress Colfax's statement, "Those are just allegations," that error was harmless. The government mentioned the statement just once during opening statements and elicited it once during the direct examination of one of the government's witnesses, who asserted that the statement was Colfax's "way of denying that he did anything." Neither side mentioned the statement during closing arguments. In light of all the other evidence against Colfax, the introduction of Colfax's single statement was harmless. *See United States v. Khan*, 993 F.2d 1368, 1376 (9th Cir. 1993) ("An error of constitutional dimension is harmless if the state has proved beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." (citation modified)).

24-7218

3.      The district court did not err in admitting evidence that Colfax had touched AT inappropriately approximately one week prior to the charged incident. We review the court's decision to admit this evidence under Federal Rules of Evidence 403 and 404(b) for abuse of discretion. *See United States v. Hardrick*, 766 F.3d 1051, 1055 (9th Cir. 2014).

Under Federal Rule of Evidence 404(b), evidence of a prior wrong or act is admissible if the evidence is offered for a nonpropensity purpose and "the evidence '(1) proves a material element of the offense for which the defendant is now charged, (2) if admitted to prove intent, is similar to the offense charged, (3) is based on sufficient evidence, and (4) is not too remote in time.'" *Id.* (quoting *United States v. Ramirez-Robles*, 386 F.3d 1234, 1242 (9th Cir. 2004)). Here, the evidence was admitted for the nonpropensity purpose of proving Colfax's knowledge, intent, and absence of mistake. Furthermore, the district court properly concluded that AT's statements regarding the prior touching incident satisfied each of the four requirements. First, AT's testimony was probative of material elements of the offense, namely, Colfax's knowledge and intent. Second, the prior incident occurred one week prior to the charged conduct and therefore was not too remote in time. Third, there was sufficient evidence to support a finding that Colfax committed the prior act based on AT's testimony to that effect. Fourth, the prior act was extremely similar to the charged conduct, as it also involved the

6                                                          24-7218

nonconsensual touching of AT in her bedroom in the middle of the day. Therefore, the evidence was admissible under Rule 404(b).[2]

The district court likewise did not abuse its discretion in finding the evidence admissible under Rule 403. "Rule 403 directs the court to exclude evidence 'if its probative value is substantially outweighed by a danger of . . . unfair prejudice.'" *United States v. Ruiz*, 167 F.4th 1024, 1036 (9th Cir. 2026) (quoting Fed. R. Evid. 403). The district court appropriately determined that the danger of unfair prejudice in introducing this evidence did not substantially outweigh its probative value. Moreover, the district court gave a limiting instruction that the jury should "consider this evidence only for its bearing, if any, on the question of the defendant's intent, knowledge, or absence of mistake or accident, and for no other purpose." It is presumed that the jury understood and followed these instructions. *See Bejarano v. Reubart*, 136 F.4th 873, 912 (9th Cir. 2025).

4.      The district court did not err in admitting statements AT made to her grandmother immediately after the touching incident as an excited utterance under Federal Rule of Evidence 803(2). We review the district court's decision for abuse

---

[2] Because we conclude that the evidence was properly admitted under Rule 404(b), we need not address the government's alternative argument that the evidence was admissible under the "inextricably intertwined doctrine." *See United States v. Loftis*, 843 F.3d 1173, 1177 (9th Cir. 2016).

of discretion. *See United States v. Rivera*, 43 F.3d 1291, 1296 (9th Cir. 1995).

Under Federal Rule of Evidence 803(2), a statement qualifies as an excited utterance if three conditions are met: (1) there was a startling event; (2) the statement was made while the speaker was still under the influence of the startling event; and (3) the statement relates to the startling event. *See id.*; *United States v. Alarcon-Simi*, 300 F.3d 1172, 1175 (9th Cir. 2002). AT's statement to her grandmother satisfies each of these requirements. First, Colfax's nonconsensual touching of AT undoubtedly constituted a startling event. Second, AT made the statement to her grandmother immediately after the event and while AT was still under the stressful influence of the event. Indeed, AT's grandmother testified that when AT made the statement, AT spoke in a loud voice and seemed "really upset." Third, AT's statement described Colfax's touching and therefore related to the startling event. Accordingly, the district court did not abuse its discretion in admitting AT's statement as an excited utterance. *See Rivera*, 43 F.3d at 1296 (finding no abuse of discretion in admitting 15-year-old sexual assault victim's statement describing "the ordeal [she] had just experienced," made immediately after the victim was released to her mother).

**AFFIRMED.**